1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Baskin, | ) | No. CV 11-08083-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Chase Home Finance LLC; Federal Home Loan Corporation; and Does 1 thru 5, | ) | |
| Defendants. | ) | |

The court has before it defendants' motion to dismiss (doc. 6), plaintiff's response (doc. 10), defendants' reply (doc. 11), and defendants' motion for summary disposition (doc. 7). For the reasons that follow, the court grants defendants' motion to dismiss and denies defendants' motion for summary disposition as moot.

**I**

On September 29, 2003, plaintiff purchased a home in Camp Verde, Arizona. To finance his purchase, he executed a promissory note and a deed of trust. Plaintiff later defaulted on this note and a notice of trustee's sale was recorded on March 3, 2010. While the sale was first set for June 2, 2010, the sale was postponed several times and the trustee's sale did not occur until March 21, 2011. Plaintiff refuses to vacate the home and remains on the property.

1 Plaintiff filed this action in the Superior Court of Arizona in Yavapai County on April 20, 2011. Defendants removed this case on May 25, 2011 and now move to dismiss.

## II

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## III

Plaintiff filed his complaint more than a year after the notice of trustee's sale was recorded and almost a full month after the trustee's sale occurred. Under A.R.S. § 33-811(C),

> [t]he trustor . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

Plaintiff did not file a motion in state or federal court before the sale, much less obtain a court order for injunctive relief. By failing to comply with this statute, plaintiff waived his claim for relief. He alleges that he "never received proper Notice of Trustee Sale from the beneficial party in interest" but he does not allege that he received no notice at all. Compl. ¶ 27. Indeed, even if he intended to allege a total lack of notice, the statute does not require the trustor to have actual notice of the sale. Thus, he waived any defenses or objections to the sale since he did not obtain injunctive relief before the sale date.

## IV

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 6).

**IT IS FURTHER ORDERED DENYING** defendants' motion for summary disposition (doc. 7) as moot.

DATED this 13th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge